IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM E. SPAULDING, III, § | | |
| TDCJ-CID # 297304, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-04-3063 |
| § | | |
| DOUG DRETKE, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

William E. Spaulding, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus challenging a prison disciplinary proceeding. The Respondent has filed a motion for summary judgment. After reviewing the pleadings and the records, the court has determined that the motion should be granted and this action should be dismissed.

## I. Procedural History

Spaulding is serving a thirty-five-year sentence for aggravated sexual abuse. *State v. Spaulding*, No. 85-5-3749 (24th Dist. Ct., Jackson County, Tex. May 6, 1985). A procedural history concerning any appeal and post-conviction proceedings of the felony offense is not necessary or relevant because Spaulding does not attack the validity of his state court conviction. Instead, the focus of this habeas action is the outcome of a prison disciplinary hearing which was held on August

11, 2003. Spaulding had been charged with being in possession of a weapon in violation of TDCJ-CID rules while he was at the TDCJ-CID Pack I Unit. Disciplinary Case # 20030334979.

Spaulding was given notice of the charge on August 4, 2003, and the hearing was held one week later on August 11 at the Pack I Unit. The disciplinary hearing officer (DHO) found Spaulding guilty based on the charging officer's report and testimony. After finding Spaulding guilty, the hearing officer imposed the following punishments: (1) a demotion from State Approved Trustee 4 to Line Class 2; (2) fifteen days in solitary confinement; and (3) a forfeiture of 365 days of good-time credits. Spaulding filed a Step One grievance which was denied on September 18, 2003. He then filed an appeal or Step Two Grievance which was denied on October 2, 2003. Spaulding filed the instant habeas petition with this court on July 27, 2004. On September 3, 2004, the TDCJ-CID modified the results of the disciplinary case. The charge was changed to possession of contraband and the loss of good-credits was reduced to 90 days. Despite the modifications and reduction of time forfeited, Spaulding persists in challenging the outcome by arguing that the offense does not justify the demotion in time-earning status.

## II. Claims

Spaulding makes the following challenges to the outcome of his disciplinary proceeding:

1. Spaulding was "set-up" by another offender named Aguilar;

2. Prior to the hearing, the DHO refused to allow documentary evidence proving the "set-up";

3. The elements of the offense were not proven under the "preponderance of the evidence standard";

4. The DHO was prejudiced because he participated in a Life Endangerment hearing connected to the charge before the disciplinary hearing occurred; and

      5.        Spaulding's counsel substitute was ineffective.

### III. Standards

A. Summary Judgment

A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998). The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 106 S.Ct. at 2552; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1356 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or

not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986).

### B. 28 U.S.C. § 2254

Under the provisions of 28 U.S.C. § 2254(d), the federal courts accord wide deference to the decisions of the state courts. *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir. 1998). However, the proceeding in this action has not been reviewed by the state courts of Texas because the state courts will not review prison disciplinary claims. *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986). The court will consider whether Spaulding's constitutional rights were violated during the disciplinary proceeding brought against him. 28 U.S.C. § 2254(a).

## IV. Analysis

In order to obtain habeas relief, a prisoner must establish a violation of a constitutional right. *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994).

### A. Demotion and Temporary Confinement

Spaulding's challenges to the validity of punishments which temporarily denied him certain privileges or adversely affected his classification have no basis in law because such punishments are not actionable in federal court. *Sandin v. Conner*, 115 S.Ct. 2293, 2301 (1995); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). His temporary placement in solitary confinement cannot be challenged because that does not affect the length of his confinement. *Luken*, 71 F.3d at 193.

Spaulding's demotion to the lowest classification is not actionable because there is no certainty that the length of his confinement has been affected. *Sandin*, 115 S.Ct. at 2302. Some Texas prisoners may earn good time to hasten their eligibility for release on parole or mandatory

4

supervision; however, they do not have an unqualified constitutional right to earn good time in the TDCJ-ID. TEX. GOVT. CODE § 498.003(a) (Vernon Supp. 2002) ("Good conduct time is a privilege and not a right."). Spaulding's contention that his rights were violated by demotion and the consequential loss of the opportunity to earn good time, which might possibly affect his chance of an earlier release, is too speculative to implicate a violation of a constitutionally protected liberty interest. *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997), *citing Luken*, 71 F.3d at 193. *See also Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) (losing the ability to accrue good time credits does not inevitably affect the length of the sentence). *See also Malchi*, 211 F.3d at 959.

### B. Loss of Good-Time Credit

Only Spaulding's loss of good-time credit is reviewable. *Houser v. Dretke*, 395 F.3d 560 (5th Cir. 2004); *Murphy v. Collins*, 26 F.3d 541, 543 n.5 (5th Cir. 1994). Unlike a defendant in a criminal trial, a prisoner in a disciplinary proceeding has limited due process rights. *Wolff v. McDonnell*, 94 S.Ct. 2963, 2975 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply"). These rights are met when the prison officials "(1) provide advance written notice of at least twenty-four hours to the prisoner; (2) issue a written statement of the factfinders as to evidence relied upon and their reasons for action; and (3) offer the prisoner an opportunity to call witnesses and present documentary evidence." *Houser,* at 562, *citing Wolff*, 94 S.Ct. at 2978-80. There are limitations on a prisoner's ability to call witnesses, and there is no constitutional right to confrontation and cross-examination at a disciplinary hearing. *Id*. Spaulding was given written notice well in advance of the hearing. He was also informed of his rights and given an opportunity

5

to call witnesses and present his evidence. *See* Disciplinary Hearing Record [DHR] (Docket Entry No. 9) at 5-9.

With regard to his first three points of error, Spaulding complains that he was denied the right to submit documentary evidence at the hearing which would have shown that he was "set-up" and that there was not sufficient evidence to prove that he possessed a weapon or contraband. The record shows that a guard found an irregularly shaped piece of mirror hidden in Spaudling's cell. *Id.* at 3-4. The Investigation Work Sheet reveals that Spaulding admitted that he had the mirror and conceded that it might be contraband although he denied that it was a weapon. *Id.* at 6.

Based on the charging officer's statements as well as those made by Spaulding, the DHO found that Spaulding was guilty of possessing a weapon. Spaulding cannot complain that he was "set-up" where it is evident from the record that he was given a fair hearing and an opportunity to defend himself. *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984). The DHO's decision is not arbitrary because there was "some evidence" to support the finding. *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001). There is no legal support to Spaulding's argument that the charges were not proven under the "preponderance of the evidence standard" because the standard does not apply to prison disciplinary actions. *Gaither v. Anderson*, 236 F.3d 817, 819 (7th Cir. 2000) ("some evidence" standard is less exacting than the "preponderance of the evidence" standard.). Moreover, the modified finding that Spaulding possessed contraband is clearly supportable under the TDCJ-CID regulations which define contraband as "Any item changed from its original condition if the change jeopardizes institutional safety or security." *Disciplinary Rules and Procedures for Offenders*, Level 2 Offenses, Rule 16 (b), http://www.tdcj.state.tx.us/publications/id/general-rules106-1-27-04.PDF. It has been long

established that prisoner violence is a serious institutional problem and that prison officials have a duty to prevent prisoners from possessing any objects which might be used as weapons. *See Jones v. Diamond*, 594 F.2d 997, 1019-20 (5th Cir. 1979). In addition, Spaulding conceded that the mirror might be contraband. DHR at 6. Such an admission is sufficient evidence to support the DHO's determination. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). The finding by the DHO was clearly upheld by the record.[1]

Spaulding's allegations that the DHO had participated in a life endangerment hearing do not support his argument that the DHO was not impartial or that his due process rights were violated. A hearing tribunal or board is considered impartial as long as the charging or investigating officers are not members of it. *Pedraza v. Meyer*, 919 F.2d 317, 320 (5th Cir. 1990). In this action there is no evidence that the DHO made the charges or was in any way involved in the prosecution of the case against Spaulding relating to his illegal possession of the broken mirror piece. It is immaterial as to whether the DHO took part in another administrative hearing, and Spaulding's conclusory allegations do not show that the DHO was biased against him to the extent that he was denied a fair hearing. *Id*. *See also Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (conclusory allegations will not support a habeas claim).

Finally, there is no legal support to Spaulding's argument that he was denied effective assistance by his counsel substitute. An inmate is not entitled to be represented by an attorney, appointed or retained, at a prison disciplinary hearing. *Baxter v. Palmigiano*, 96 S.Ct. 1551, 1556 (1976), *citing Wolff*, 94 S.Ct. at 2981; *Enriquez v. Mitchell*, 533 F.2d 275, 276 (5th Cir. 1976). *See*

---

[1] Although the Respondent submitted an audio recording of the disciplinary hearing, the tape was not available to the court. However, the written disciplinary record presents undisputed evidence that Spaulding did possess the mirror.

*also Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998), *citing Banuelos*, 41 F.3d at 234. Consequently, Spaulding is not entitled to relief under the assertion that he received ineffective assistance of counsel at his prison disciplinary hearing. *Hudson v. Hedgepeth*, 92 F.3d 748, 751 (8th Cir. 1996) (there is no general constitutional right to a counsel substitute at a prison disciplinary hearing); *Kulow v. Nix*, 28 F.3d 855 (8th Cir. 1994); *Bostic v. Carlson*, 884 F.2d 1267, 1274 (9th Cir. 1989).

In light of the facts, the DHO's rulings will not be disturbed, and Spaulding's unfounded challenges to the results of his disciplinary proceeding shall be **DISMISSED**. *Banuelos*, 41 F.3d at 234 (5th Cir. 1995); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

## V. Certificate of Appealability

Under 28 U.S.C. § 2253, Spaulding needs to obtain a certificate of appealability before he can appeal this Memorandum and Order dismissing his petition. A certificate of appealability may be issued only if Spaulding makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Spaulding must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). *See also Morris v. Dretke,* 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Order, Spaulding has not made a substantial showing of the denial of a constitutional right. *Houser*, 395 F.3d at 562; *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). The court **DENIES** the issuance of a certificate of appealability in this action.

## VI. Conclusion

The court **ORDERS** the following:

1. Spaulding's Motion to Supplement Pleadings (Docket Entry No. 5) is **GRANTED**.

2. The Respondent's Motions for Extension of Time to File a Responsive Pleading (Docket Entry Nos. 7 and 8) are **GRANTED**.

3. The Respondent's motion for summary judgment (Docket Entry 10) is **GRANTED**.

4. Spaulding's Motion for Extension of Time (Docket Entry No. 11) is **GRANTED**.

5. Spaulding's Motion Opposing Summary Judgment (Docket Entry No. 12) is **DENIED**.

6. This action is **DISMISSED**, with prejudice.

7. A certificate of appealability is **DENIED**.

**SIGNED** on this 8th day of September, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE